■ In the Matter of CEASAR SANCHEZ, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term, entered April 10, 1980 in Clinton County, which, in a proceeding pursuant to CPLR article 78, annulled a determination of the respondents setting the petitioner's minimum period of imprisonment and ordered a *de novo* minimum period of imprisonment hearing. Special Term's reason for the action it took was "that upon the limited record presented to this Court a proper review of most of petitioner's contentions is not possible". The record discloses that the petitioner was convicted upon a plea of guilty of the crimes of manslaughter in the first degree and criminal possession of a weapon in the third degree for which concurrent sentences of zero to five years were imposed on January 19, 1979. On April 4, 1979 the petitioner had a minimum period of imprisonment hearing and the period of five years was selected based upon the seriousness of the crimes of manslaughter and acting with a loaded weapon. The petitioner appealed that decision to an appellate unit and it affirmed, listing five factors, including the facts that the convictions "involved the death of an individual" and "the possession and/or use of a weapon". In accordance with the established procedure the petitioner was given the opportunity to respond in writing and he did so, relying upon the absence of any prior criminal record; that he was intoxicated when the crime occurred; that he had never been involved with drugs or alcohol before the commission of the crime; and that the crime did not involve premeditation. The respondent affirmed the initial appellate unit decision on July 26, 1979. After the decision of this case by Special Term, the Court of Appeals decided the case of *Matter of Russo v New York State Bd. of Parole* (50 NY2d 69, 77), wherein it was stated: "In light of the board's expertise and the fact that responsibility for a difficult and complex function has been committed to it, there would have to be a showing of irrationality bordering on impropriety before intervention would be warranted." Regardless of the allegations of the petitioner, there has been no showing of irrationality or impropriety on the part of the board in fixing the minimum period of imprisonment. This is particularly so where the sentence for manslaughter in the first degree could have carried a maximum term of 25 years in the first instance and the seriousness of the crime is beyond dispute *(Matter of Russo v New York State Bd. of Parole, supra)*. Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.